1

2

3

4

5

6

7          UNITED STATES DISTRICT COURT

8              EASTERN DISTRICT OF CALIFORNIA

9

10 | ISSAC A. MARTINEZ,                    )      1:11-cv-00236 MJS HC
                                          )
11 |              Petitioner,             )      ORDER DISMISSING PETITION FOR
                                          )      WRIT OF HABEAS CORPUS
12 |      v.                              )
                                          )      ORDER DIRECTING CLERK OF COURT
13 |                                      )      TO ENTER JUDGMENT AND CLOSE
   | JAMES D. HARTLEY,                    )      CASE
14 |                                      )
   |              Respondent.            )      ORDER DECLINING ISSUANCE OF
15 |                                      )      CERTIFICATE OF APPEALABILITY
   | _____ )
16

17          _____Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

18 pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to

19 the jurisdiction of the United States Magistrate Judge.  Local Rule 305(b).

20 | **I.      DISCUSSION**

21          **A.      Procedural Grounds for Summary Dismissal**

22          Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

23                  If it plainly appears from the petition and any attached exhibits that
                    the petitioner is not entitled to relief in the district court, the judge
24                  must dismiss the petition and direct the clerk to notify the
                    petitioner.
25

26          The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition

   for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's
27
   motion to dismiss, or after an answer to the petition has been filed.  See Herbst v. Cook, 260
28

U.S. District Court

E. D. California                                -1-

1   F.3d 1039 (9th Cir. 2001). Allegations in a petition that are vague, conclusory, or palpably

2   incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th

3   Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend

4   unless it appears that no tenable claim for relief can be pleaded were such leave granted.

5   Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

6          **B.     Factual Summary**

7          On February 11, 2011, Petitioner filed the instant petition for writ of habeas corpus.

8   (Pet., ECF No. 1.)   Petitioner challenges the decision of the California Board of Parole

9   Hearings ("Board") to deny him parole on April 14, 2009. Petitioner claims the California courts

10  unreasonably determined that there was some evidence he posed a current risk of danger to

11  the public if released. Further, Petitioner alleges that his plea and sentencing violated due

12  process and the Double Jeopardy clause of the Fifth Amendment in that his confession is

13  again being used to punish him when used by the Board in denying him parole.

14         **C.     Federal Review of State Parole Decisions**

15         Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism

16  and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding.

17  Lindh v. Murphy, 521 U.S. 320, 327, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997); Furman v.

18  Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).

19         A district court may entertain a petition for a writ of habeas corpus by a person in

20  custody pursuant to the judgment of a state court only on the ground that the custody is in

21  violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a),

22  2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7, 120 S. Ct. 1495, 146 L. Ed. 2d 389

23  (2000); Wilson v. Corcoran, 131 S.Ct. 13, 16, 178 L. Ed. 2d 276 (2010) (per curiam).

24         The Supreme Court has characterized as reasonable the decision of the Court of

25  Appeals for the Ninth Circuit that California law creates a liberty interest in parole protected

26  by the Fourteenth Amendment Due Process Clause, which in turn requires fair procedures

27  with respect to the liberty interest. Swarthout v. Cooke, 131 S.Ct. 859, 861-62, 178 L. Ed. 2d

28  732 (2011).

U.S. District Court
E. D. California

1    However, the procedures required for a parole determination are the minimal

2 requirements set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442

3 U.S. 1, 12, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979).[1] Swarthout, 131 S.Ct. at 862. In

4 Swarthout, the Court rejected inmates' claims that they were denied a liberty interest because

5 there was an absence of "some evidence" to support the decision to deny parole. The Court

6 stated:

> There is no right under the Federal Constitution to be conditionally released
> before the expiration of a valid sentence, and the States are under no duty to
> offer parole to their prisoners. (Citation omitted.) When, however, a State
> creates a liberty interest, the Due Process Clause requires fair procedures for
> its vindication-and federal courts will review the application of those
> constitutionally required procedures. In the context of parole, we have held that
> the procedures required are minimal. In Greenholtz, we found that a prisoner
> subject to a parole statute similar to California's received adequate process
> when he was allowed an opportunity to be heard and was provided a statement
> of the reasons why parole was denied. (Citation omitted.)

7

8

9

10

11

12

13 Swarthout, 131 S.Ct. at 862. The Court concluded that the petitioners had received the

process that was due as follows:
14

> They were allowed to speak at their parole hearings and to contest the evidence
> against them, were afforded access to their records in advance, and were
> notified as to the reasons why parole was denied....

15

16

> That should have been the beginning and the end of the federal habeas courts'
> inquiry into whether [the petitioners] received due process.

17

18 Swarthout, 131 S.Ct. at 862. The Court in Swarthout expressly noted that California's "some

19 evidence" rule is not a substantive federal requirement, and correct application of California's

20 "some evidence" standard is not required by the Federal Due Process Clause. Id. at 862-63.

21    Here, Petitioner argues that the Board improperly relied on evidence relating to

22 Petitioner's crime. In so arguing, Petitioner asks this Court to engage in the very type of

23 analysis foreclosed by Swarthout. In this regard, Petitioner does not state facts that point to

24

25    [1]In Greenholtz, the Court held that a formal hearing is not required with respect to a decision concerning
26 granting or denying discretionary parole; it is sufficient to permit the inmate to have an opportunity to be heard and
to be given a statement of reasons for the decision made. Id. at 16. The decision maker is not required to state
the evidence relied upon in coming to the decision. Id. at 15-16. In Greenholtz, the Court held that due process
27 was satisfied where the inmate received a statement of reasons for the decision and had an effective opportunity
to insure that the records being considered were his records, and to present any special considerations
28 demonstrating why he was an appropriate candidate for parole. Id. at 15.

U.S. District Court

E. D. California

1  a real possibility of constitutional error or that otherwise would entitle Petitioner to habeas relief

2  because California's "some evidence" requirement is not a substantive federal requirement.

3  Review of the record for "some evidence" to support the denial of parole is not within the

4  scope of this Court's habeas review under 28 U.S.C. § 2254. The Court concludes that

5  Petitioner's claim concerning the evidence supporting the unsuitability finding should be

6  dismissed.

7         A petition for habeas corpus should not be dismissed without leave to amend unless

8  it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis, 440

9  F.2d at 14.

10        Although Petitioner asserts that his right to due process of law was violated by the

11  Board's decision, Petitioner does not set forth any specific facts concerning his attendance at

12  the parole hearing, his opportunity to be heard, or his receipt of a statement of reasons for the

13  parole decision. Petitioner has not alleged facts pointing to a real possibility of a violation of

14  the minimal requirements of due process set forth in Greenholtz, 442 U.S. 1.

15        The Court concludes that it would be futile to grant Petitioner leave to amend and

16  recommends that the claim be dismissed.

17        **D.     Violations of Plea and Sentencing**

18        Petitioner claims that the use of his statements made during his plea and sentencing

19  in the Board's 2009 decision denying him parole violated due process and the Double

20  Jeopardy Clause. (Pet. at 11.)

21        First, Petitioner claims that his privilege against self-incrimination was used against him

22  when the Board used his confession against him to deny him parole. This claim is without

23  merit. If Petitioner's right to self incrimination was violated, the violation occurred at the time

24  of the original plea. However, at the parole suitability proceeding, Petitioner conceded that he

25  had committed the offense, and never contended that his confession or plea were improperly

26  taken. Furthermore, under California law governing parole, many factors, including the

27  underlying offense are taken into consideration by the Board. The use of Petitioner's

28  statements of guilt at the hearing was not improper, or serve as a separate punishment from

1   Petitioner's offense.

2       Petitioner also appears to be arguing that the 2009 parole suitability proceeding before

3   the Board constituted a new punishment based on the same offense, and that this violated the

4   Double Jeopardy Clause. (Pet. at 11.) The Double Jeopardy Clause of the Fifth Amendment

5   commands that "[n]o person shall ... be subject for the same offence to be twice put in

6   jeopardy of life or limb." "Under this Clause, once a defendant is placed in jeopardy for an

7   offense, and jeopardy terminates with respect to that offense, the defendant may neither be

8   tried or punished a second time for the same offense." Sattazahn v. Pennsylvania, 537 U.S.

9   101, 106, 123 S. Ct. 732, 154 L. Ed. 2d 588 (2003).

10      Petitioner's 2009 suitability hearing was not a new trial on the charges against him and

11  it did not result in the imposition of any new punishment. Rather, it was a hearing to determine

12  whether petitioner was at that time suitable for parole. The Board's decision that petitioner was

13  not suitable for parole did not increase his sentence nor did it alter his conviction in any way.

14  See Mayfield v. Carey, 747 F. Supp.2d 1200, 1212 (E.D. Cal. 2010) ("Petitioner's [Double

15  Jeopardy] claim fails because the Board's decision did not subject him to either a second

16  criminal prosecution or to multiple punishments for the commitment offense."); DeSilva v.

17  Allison, No. 1:11-cv-0263-LJO-SKO-HC, 2011 U.S. Dist. LEXIS 37340, 2011 WL 1326958, at

18  *6 (E.D. Cal. Apr. 6, 2011) ("Petitioner was sentenced to a term of fifteen (15) years to life" and

19  therefore "could not allege facts to constitute a cognizable claim that the denial of parole

20  violated the Double Jeopardy Clause[.]")

21      Accordingly, petitioner is not entitled to federal habeas relief with respect to his Double

22  Jeopardy claim. The Court concludes that it would be futile to grant Petitioner leave to amend

23  either his due process or Double Jeopardy claim and recommends that the claims be

24  dismissed without leave to amend.

25      **E.     Certificate of Appealability**

26      A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal

27  a district court's denial of his petition, and an appeal is only allowed in certain circumstances.

28  Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining

U.S. District Court
E. D. California

1  whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

2      (a) In a habeas corpus proceeding or a proceeding under section 2255 before
       a district judge, the final order shall be subject to review, on appeal, by the court
3      of appeals for the circuit in which the proceeding is held.

4      (b) There shall be no right of appeal from a final order in a proceeding to test the
       validity of a warrant to remove to another district or place for commitment or trial
5      a person charged with a criminal offense against the United States, or to test the
       validity of such person's detention pending removal proceedings.
6
        (a)    (1) Unless a circuit justice or judge issues a certificate of appealability, an
7              appeal may not be taken to the court of appeals from–

8                     (A) the final order in a habeas corpus proceeding in
                      which the detention complained of arises out of
9                     process issued by a State court; or

10                    (B) the final order in a proceeding under section
                      2255.
11
               (2) A certificate of appealability may issue under paragraph (1)
12             only if the applicant has made a substantial showing of the denial
               of a constitutional right.
13
               (3) The certificate of appealability under paragraph (1) shall
14             indicate which specific issue or issues satisfy the showing required
               by paragraph (2).
15
16         If a court denies a petitioner's petition, the court may only issue a certificate of

17  appealability "if jurists of reason could disagree with the district court's resolution of his

18  constitutional claims or that jurists could conclude the issues presented are adequate to

19  deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529

20  U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he

21  must demonstrate "something more than the absence of frivolity or the existence of mere good

22  faith on his . . . part." Miller-El, 537 U.S. at 338.

23         In the present case, the Court finds that no reasonable jurist would find the Court's

24  determination that Petitioner is not entitled to federal habeas corpus relief wrong or debatable,

25  nor would a reasonable jurist find Petitioner deserving of encouragement to proceed further.

26  Petitioner has not made the required substantial showing of the denial of a constitutional right.

27  Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

28  ///

U.S. District Court
E. D. California                                    -6-

1    **ORDER**

2        Accordingly, IT IS HEREBY ORDERED:

3        1) The petition for writ of habeas corpus is DISMISSED with prejudice;

4        2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

5        3) The Court DECLINES to issue a certificate of appealability.

6

7

8    IT IS SO ORDERED.

9    Dated:    October 3, 2011                    /s/ *Michael J. Seng*
                                                  UNITED STATES MAGISTRATE JUDGE
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

U.S. District Court

E. D. California